[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Wilshire Funding Corporation (WFC),[1] seeks to foreclose on a note in the amount of $82,000 taken by the defendant, Dawn E. Hardison (Hardison). The note and mortgage were assigned to WFC from Chase Manhattan Mortgage Corporation. The note is secured by a mortgage on the premises located at 290 Norland Avenue, Bridgeport, Connecticut. WFC alleges that Hardison defaulted on the monthly payment due March 1, 1998, and WFC has exercised its option to declare the balance ($81,109.19) due. CT Page 3747
Hardison filed an answer, special defense and counterclaim to the WFC's complaint.[2] In the counterclaim, Hardison alleges that she made timely tender of the March 1998 mortgage payment, but that WFC refused to accept that and each subsequent monthly payment. WFC now seeks summary judgment as to liability on the complaint and counterclaim.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998).
WFC argues that as of May 11, 1998 despite a payment of $727 received by WFC that day, Hardison was in arrears.[3]
Specifically, WFC contends that Hardison still owed the monthly payment for April of 1998, and that there were late fees and escrow deficit due. (Motion For Summary Judgment, Exhibit D, Affidavit of Melissa Jaffee ¶ 5). WFC claims that it gave Hardison until June 18, 1998 to pay the arrearage of $10,564.94, but that Hardison tendered only $1,454 on June 18, 1998 and $727 on July 3, 1998, which was insufficient to reinstate the mortgage. Finally, WFC claims that pursuant to paragraph 6(D) of the note agreement, WFC has not waived its right to demand full payment. Hardison avers that as of May 11, 1998, she was not in arrears, and that as of May 1, 1998, her payments were up to date. (Objection To Motion For Summary Judgment, Affidavit of Dawn E. Hardison, ¶¶ 3, 6).
The note agreement provides that monthly payments are due on the first of each month. (Motion For Summary Judgment, Exhibit B, Balloon Note ¶ 3(A)). If WFC has not received the full amount of each monthly payment by the end of fifteen calendar days after the date it is due, Hardison is to pay a late charge in the CT Page 3748 amount of 5% of the overdue payment. (Exhibit B Balloon Note ¶ 6(A)). Hardison avers that each and every payment to WFC has been timely tendered. (Objection To Motion For Summary Judgment, Affidavit of Dawn E. Hardison ¶¶ 4, 6). Further, Hardison avers that for reasons unknown, her timely payments were returned to her. (Affidavit of Dawn E. Hardison ¶ 5). The documents provided by WFC are inconclusive as to when exactly it received Hardison's payments, if those payments were timely, and whether it returned payments to her. Accordingly, a genuine issue of material fact exists as to whether Hardison is in default pursuant to paragraph 6(D) of the note, and WFC's motion for summary judgment is denied.
BALLEN, J.